BRENDAN NULTY, Appellant, v IRENE SAYRE et al., Respondents, et al., Defendants. [888 NYS2d 600]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated August 25, 2008, as granted the motion of the defendants Buttonwood Hills Home Owners Association, Inc., and MEM Property Management Corporation and the separate motion of the defendant City of Middletown for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, 17 years of age at the time of the occurrence, while riding a bicycle and attempting to execute a left turn from Concord Lane onto High Barney Road, in the defendant City of Middletown, was struck by a motor vehicle operated by the defendant Irene Sayre, which was traveling along High Barney Road. Concord Lane is a private road owned by the defendant Buttonwood Hills Home Owners Association, Inc. (hereinafter Buttonwood), and maintained by the defendant MEM Property Management Corporation (hereinafter together the Buttonwood defendants). At some point prior to the accident, a stop sign controlling traffic at the intersection of Concord Lane and High Barney Road had been removed and was never replaced. The plaintiff commenced this action alleging, inter alia, that the accident was proximately caused by the Buttonwood defendants' negligence in failing to replace the stop sign. The Buttonwood defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the absence of the stop sign was not the proximate cause of the accident. In support of its separate motion for the same

relief, the City relied upon the evidence submitted by the Buttonwood defendants and adopted the arguments which they had advanced in support of their motion.

The evidence submitted by the Buttonwood defendants, including, inter alia, the deposition testimony of Sayre and the plaintiff's testimony at a hearing conducted pursuant to General Municipal Law § 50-h, established their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]) by demonstrating that both the plaintiff, who resided at the Buttonwood complex, and Sayre were both familiar with the subject intersection, and that the absence of a stop sign did not contribute to the happening of the collision (*see Alexander v Eldred,* 63 NY2d 460, 468 [1984]). In opposition, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court properly granted the separate motions. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.